[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter involves an appeal from the Milford Planning and Zoning Board's (the Board) denial of the defendant's request to waive the requirement of concrete driveway aprons as originally proposed in the plaintiff's plans for a planned residential development known as Lexington Green.
On May 2, 1995, the Board denied the plaintiff developer's request that the Concrete driveway aprons be waived.
The plaintiff is the owner and developer of this planned residential development and as such, is aggrieved by the Board's action.
The plaintiff was given a full hearing before the Subdivision Special Permits Committee meeting. Plans and maps were displayed along with a change in design.
This Committee took into consideration the prospective character of the use. The committee also took into account the criteria established by its zoning regulations and the concerns raised by its member at the Committee meeting.
The court has reviewed the record. The Committee's decision not to recommend a waiver of the Concrete driveway apron was consistent with the information contained in the record.
The Committee members determined that Concrete driveway aprons were more consistent with the development and from a standpoint of continuity, the Board determined the aprons should be kept concrete. CT Page 3203
This court must not and cannot substitute its judgment for that of a local zoning authority and must not disturb the authority's decision where honest judgment has been reasonably and fairly exercised after a full hearing.
A total of approximately 105 units have been completed with Concrete driveway aprons. Approximately 95 homes have been sold with concrete driveway aprons.
This project was approved in the early 1990s based on the plans, specifications, drawings, proposals, et cetera, submitted to the Board at that time. Having completed Phases 1 and 2, the plaintiff now does not want to build in the manner the project was given permission to so build.
The waiver of the sidewalk requirement affects the entire project. A waiver of the Concrete driveway apron would affect only a portion of the project as 105 units have been completed with concrete driveway aprons. Thus, the committee was appropriately concerned with continuity and consistency within the development.
Based on the entire record, this court cannot find that the Board acted unreasonably. arbitrarily or in abuse of its discretion in denying the plaintiff's request for a waiver of the concrete driveway apron requirement.
The Board had before it the waiver of sidewalks within the project and the plaintiff cited this as a change in conditions to warrant a waiver of the concrete driveway aprons. Again, the Board considered this and still declined to waive the requirement for concrete driveway aprons even though the Board had waived the sidewalk requirement.
The Subdivision Special Permits Committee held a full hearing at which the plaintiff appeared and the Committee agreed not to recommend a waiver of the concrete driveway apron requirement to the Board. This court cannot substitute its judgment for that of the Board where the authority's decision has been fairly and reasonably exercised after a hearing. This court could not find that the Board's decision was unreasonable, arbitrary and in abuse of its discretion based on the reasons as set forth in the record.
In reviewing the decision of the Zoning Board, the court CT Page 3204 cannot go behind the official statements and reasons as stated by the Board. Where a zoning board has expressed the reasons for its decision, this court can only determine if the reasons given are supported by the record.
This court finds that the record supports the Board's interpretation of the regulations and that the Board's reasons are reasonably supported by the evidence in the record. The Board did not act arbitrarily, illegally or unreasonably in denying the plaintiff's requires to delete the concrete driveway aprons for Phases 3, 4, 5, and 6 of its subdivision.
The plaintiff's appeal is dismissed.
Coppeto, J.